```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                          JACKSON DIVISION
```

FRED M. HAAG                                   PLAINTIFF/COUNTERDEFENDANT

VS.                                 CIVIL ACTION NO. 3:07CV387TSL-JCS

INFRASOURCE CORPORATE SERVICES, LLC
F/K/A INFRASOURCE COPRORATE SERVICES,
INC., INFRASOURCE SERVICES, INC., AND
DAVID R. HELWIG                              DEFENDANT/COUNTERPLAINTIFF

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant InfraSource Corporate Services, LLC, f/k/a InfraSource Transmission Services Company and David R. Helwig to compel arbitration. Plaintiff Fred M. Haag has responded in opposition to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion is well taken and should be granted.

Plaintiff became employed by defendants in August 2004, at which time the parties entered into a management agreement which contained a dispute resolution provision which states:

> <u>Dispute Resolution; Attorneys' Fees</u>.  The Company and Executive agree that any dispute arising as to the parties' rights and obligations hereunder, other than with respect to Section 6, shall, at the election and upon written demand of either party, be submitted to arbitration before a single arbitrator in Delaware County, PA under the National Rules for the Resolution of Employment Disputes of the American Arbitration Association.

Plaintiff was terminated by defendants on April 11, 2007, ostensibly "for cause," following which he filed the present action on July 9, 2007, asserting claims for breach of contract, bad faith breach of contract, wrongful termination/promissory estoppel, fraudulent inducement of employment/negligent misrepresentation, and also requesting a declaration that the non-competition clause in the parties' contract is invalid and unenforceable for lack of consideration.

Contending that all plaintiffs' claims fall squarely within the dispute resolution provision in the management agreement, defendants filed a counterclaim to compel arbitration and have now moved for an order compelling arbitration and staying this action pending arbitration. In response, plaintiff has offered a variety of reasons why defendants' motion should be denied, none of which has merit.

First plaintiff argues that the putative arbitration agreement is not enforceable because no one but plaintiff signed the agreement. However, the copy of the agreement in the record reflects that it was signed by David R. Helwig on behalf of InfraSource Corporate Services, Inc., in his capacity as chief executive officer.[1]

---

[1] As defendants note, though, even if the agreement were not signed by them, they still could insist on arbitration under principles of equity. See Grigson v. Creative Artists Agency, LLC, 210 F.3d 524, 528 (5th Cir. 2000) (holding that non-signatory to an arbitration agreement can compel arbitration when the signatory to a written agreement containing an arbitration clause

Plaintiff next argues that the dispute resolution provision in the management agreement by its terms applies only to "Attorneys' Fees" and therefore is not what one would consider a typical arbitration agreement; but even if it could be construed as being an arbitration agreement, he argues, it does not cover the claims before the court. In the court's opinion, notwithstanding the reference to "Attorneys' Fees" in the title of the paragraph which is the parties' arbitration agreement, it cannot be concluded that the parties' agreement as to "Dispute Resolution" applies only to attorneys' fees.[2] The express language of the agreement, which purports to apply to "any dispute arising as to the parties' rights and obligations hereunder, other than with respect to Section 6," belies such a conclusion. There is certainly nothing in the text of the paragraph that would indicate it is intended to apply only to attorneys' fees. Even if the provision were ambiguous, which in the court's opinion it is not, that ambiguity would be resolved in favor of arbitration. See Fleetwood Enterprises, Inc. v. Gaskamp, 280 F.3d 1069, 1073

---

must rely on the terms of the written agreement in asserting its claims against a non-signatory, reasoning that equity does not allow a party to "seek to hold the non-signatory liable pursuant to duties imposed by the agreement, which contains an arbitration provision, but, on the other hand, deny arbitration's applicability because the defendant is a non-signatory").

[2] Plaintiff's argument in this regard appears to be based on his impression that the title contains a colon, i.e., "Dispute Resolution: Attorneys' Fees," when in fact, what he has read as a colon is a semicolon.

3

(5th Cir. 2002)("In determining whether the dispute falls within the scope of the arbitration agreement, 'ambiguities ... [are] resolved in favor of arbitration.'") (citation omitted).

Plaintiff's argument that his claims do not fall within the scope of the arbitration provision in any event is based, in part, on an exception from arbitration of disputes "with respect to Section 6," which is the covenant not to compete. While plaintiff does purport in this case to seek a declaratory judgment that the covenant not to compete is invalid and unenforceable, defendants argue in support of their motion that this is not a justiciable claim because they have not sought to enforce the covenant not to compete (inasmuch as plaintiff has secured employment which would not violate the covenant). Plaintiff does not contend otherwise, and thus, while this particular claim is not subject to arbitration, it is not cognizable as there is no case or controversy with respect to the covenant not to compete.

Plaintiff also contends that other claims, though not explicitly exempt from the arbitration agreement, simply are not covered by the agreement. More to the point, he argues that his claims for retaliatory/wrongful termination and fraudulent inducement and for bad faith breach of contract, do not "arise from the rights and obligations" of the parties under the agreement. The court is unpersuaded. No matter the theory under which they are presented, plaintiff's claims all relate to his

4

employment pursuant to the management agreement and as such are subject to the parties' agreement to arbitrate.

Plaintiff's further argument that the agreement makes arbitration a "choice" that "should be open to the one who initiates the claims" is, as defendants aptly observe, patently without merit, as it ignores the clear language of the arbitration agreement, which declares that disputes arising out of the management agreement "*shall*, at the election and upon written demand of *either party*, be submitted to arbitration."

Plaintiff finally protests that defendants, having filed an answer and asserted a compulsory counterclaim under Federal Rule of Civil Procedure 13(a), have waived their right to insist on arbitration.  The court readily concludes there has been no waiver here.  "There is a strong presumption against finding a waiver of arbitration, and the party claiming that the right to arbitrate has been waived bears a heavy burden." Republic Ins. Co. v. PAICO Receivables, LLC, 383 F.3d 341, 344 (5th Cir. 2004) (citing Subway Equip. Leasing Corp. v. Forte, 169 F.3d 324, 326 (5th Cir. 1999)). "'Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party.'" Id. (quoting Subway Equip. Leasing Corp., 169 F.3d at 326).  Defendants insist, and correctly so, that simply filing a timely answer, which contains an arbitration demand, and asserting a compulsory counterclaim at the risk of

5

waiving the same, is not inconsistent with timely enforcement of the arbitration agreement.  See Williams v. Cigna Fin. Advisors, 56 F.3d 656 (5th Cir. 1995) (holding that a defendant did not waive its arbitration right when it removed an action to federal court, filed a compulsory counterclaim, and engaged in discovery after a motion to stay discovery was denied).  See also Greger Leasing Corp. v. Barge PT. Potrero, 2006 WL 889537, 4 (N.D. Cal. 2006) (recognizing that "merely filing an answer containing compulsory counterclaims does not constitute action inconsistent with the right to arbitrate").

Based on the foregoing, it is ordered that defendants' motion to compel arbitration is granted.  It is further ordered that this cause is stayed and passed to the inactive files pending conclusion of arbitration in accordance with the management agreement.

SO ORDERED this 17th day of September, 2007.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE